IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20 CR 688 |
| | ) | |
| HYTERA COMMUNICATIONS CORPORATION, LTD., et al., | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons set forth in the Statement below, non-party Motorola Solutions, Inc.'s motion to quash two subpoenas [292] is granted.

## STATEMENT

Non-party Motorola Solutions, Inc. ("Motorola") moves to quash two trial subpoenas served on November 19, 2024 by Defendant Hytera Communications Corporation, Ltd. ("Hytera"). The indictment in this case charges Hytera with violating the Theft of Trade Secrets section of the Economic Espionage Act ("EEA"), 18 U.S.C. § 1832, by unlawfully possessing and attempting to possess, § 1832(a)(3)-(4), and conspiring to unlawfully possess, § 1832(a)(5), trade secrets stolen from Motorola. As such, Motorola is a statutory victim under the Crime Victims' Rights Act, 18 U.S.C. § 3771.

The subpoenas at issue (together, the "November 2024 Subpoenas") seek all communications relating to Hytera between Motorola and the Department of Justice for the nine-year period from January 1, 2008 to January 1, 2017, and from July 3, 2024 to the present (the "Communications Subpoena") and any communications between Motorola and any media outlets from March 1, 2017 to the present (the "Media Subpoena"). In July 2024, Hytera served a subpoena on Motorola that was substantially the same as the Communications Subpoena except for the period for which Hytera was seeking production (the "July 2024 Subpoena"). Motorola objected, the parties conferred, and Motorola agreed to produce "certain email communications between Motorola and the U.S. Attorney's' Office and FBI related to the grand jury investigation and criminal prosecution of the offenses charged … and information reflecting extant calendar invites between and related to the same."

Motorola first maintains that the new subpoenas are procedurally invalid, for two reasons. First, it observes that the subpoenas violate Fed. R. Crim. P. 17(a) because they were issued without the seal and signature of the Court. Hytera acknowledges as much in noting that this procedural error can be easily remedied. The Court sees no reason to require the issuance of new subpoenas before addressing the substance of the parties' dispute as to the documents sought by Hytera.

Second, Motorola invokes Rule 17(c)(3) in asserting that Hytera was required, before serving the new subpoenas, to obtain a court order authorizing the subpoenas because Motorola is a crime victim. Hytera responds that this requirement applies only to subpoenas to be served on third parties, not on victims directly. There is a mix of authority on this point, but no matter. Given Motorola's motion to quash, Hytera's subpoenas to Motorola will be enforced if the Court effectively authorizes them by denying Motorola's motion.

For its part, Hytera argues that Motorola's motion should be denied on the ground that Motorola did not meet and confer with Hytera about its objections to the new subpoenas before filing its motion to quash. Putting aside the fact that Motorola's motion to quash is not a motion for discovery and production under Local Rule 37.2, Motorola had already objected to the July 2024 subpoena only to be served with a subpoena seeking the very same documents over an expanded nine-year period even further removed from the return of the indictment in this case. Given that history, there is little reason to believe that a further meet-and-confer would have been productive and when the approaching trial date is considered, requiring the parties to engage in another meet-and-confer process is unwarranted.

Turning to substance, under Rule 17(c)(2), "the court may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." One of the "fundamental characteristics of the subpoena duces tecum in criminal cases" is that "it was not intended to provide a means of discovery for criminal cases. *United States v. Nixon*, 418 U.S. 683, 698 (1974). A party seeking a Rule 17(c) subpoena must show: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production …, and (4) that the application is made in god faith and is not intended as a general 'fishing expedition.'" *United States v. Nixon*, 418 U.S. 683, 698-700. The burden is on the party seeking production to satisfy these criteria; to do so, that party must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *Id.* at 700; *United States v. Bases*, 2021 WL 6621287, *3 (N.D. Ill. Apr. 22, 2021).

Motorola objects to the Communications Subpoena because in demanding production of documents relating to in-person meetings, telephone calls, videoconference calls, Hytera seeks not just communications between Motorola and the DOJ, but also documents and information relating to such communications that were only internal to Motorola and are protected by the attorney-client, deliberative-process, and/or work product privileges.[1] The Court agrees, and, in view of the expansive scope of the Communications Subpoena—covering nine years—also concludes that requiring Motorola to create privilege logs regarding such communications would be unduly

---

[1] In its Response, Hytera maintains that the "Communications Subpoena seeks records of communications between Motorola and its agents … on the one hand, and DOJ counsel and agents, on the other hand, that pertain to Hytera." ECF No. 322 at 11. That is not an accurate description of the requests included in the Communications Subpoena, which plainly purports to require production of any documents relating to a communication between Motorola and the DOJ. For example, the requests would require production of work product by an attorney for Motorola who memorialized or analyzed a communication she had with someone at DOJ in a memo circulated to other attorneys for Motorola.

burdensome—particularly in view of their lack of relevance[2] and the timing of Hytera's attempt to expand the scope of the requests—less than three months before trial—to be unreasonable (particularly in light of the multitude of pretrial motions and other motions Hytera has filed.

Motorola argues, and the Court again agrees, that the documents requested in the November Subpoenas (that is, documents and communications relating to communications between Motorola and DOJ) have no relevance to the issues in this trial and would not be admissible. Whether or what Motorola communicated with the DOJ has no bearing on whether Hytera possessed, attempted to possess, or conspired to possess trade secrets of Motorola. The participants in any such communications presumably have no personal knowledge of the facts relating to the charges Hytera is facing and will not be witnesses at trial. And even if such communications had some relevance to the charges, they would likely be inadmissible hearsay.

The only theory of relevance Hytera offers is an argument that information about such communications dating back to 2008 is needed to improve upon its motion to dismiss for preindictment delay [307]. Hytera **believes** Motorola first **suspected** that Hytera stole Motorola trade secrets as early as 2008 and *if* Motorola conveyed those suspicions to the government during that window of time, but the government did nothing to investigate, "that would impact Hytera's Motion to Dismiss for Preindictment Delay." Response, ECF No. 322 at 9. This is rank speculation,[3] and, again, Rule 17 "was not intended to provide a means of discovery for criminal cases. *Nixon*, 418 U.S. at 698. And in any event, even if documents confirming Hytera's speculation existed, they would have no relevance to Hytera's guilt or innocence as to the charges it is facing and would not be admissible. Hytera provides no explanation as to how evidence pertaining to the timing of Motorola's suspicions about Hytera's thefts could possibly be introduced at trial.

The documents sought by the Media Subpoena are entirely irrelevant. That subpoena seeks documents and information relating to any communications Motorola has had, over the past eight years, with any media outlet concerning Hytera. Any such communications would not tend to make it more or less likely that Hytera is guilty of the charges it is facing and any such statements would likely be hearsay even if they had any relevance. Hytera seeks to justify the requests set forth in the Media Subpoena by reference to its need to assess the degree of adverse pretrial publicity this

---

[2] To the extent that the November Subpoenas purport to require Motorola to create logs of responsive communications, they are also unduly burdensome even if not protected by privilege. Hytera again disavows the import of its requests, which seek production of a log of documents bearing on most of its document requests, rather than the production of an existing log. The Court does not read "copies of all documents and communications, along with a log of the same" to be requesting production of a preexisting log. Neither Rule 17 nor any other discovery rule requires the creation of evidence or documents in responding to discovery requests.

[3] Hytera cites a statement by an outside attorney for Motorola to the effect that Motorola developed suspicions that Hytera was using Motorola's source code in 2011 "but was unable to validate these suspicions following an internal investigation." Resp., ECF No. 322 at 9 (citing ECF No. 307-12 at 6. That statement hardly justifies a requirement to review 9 years of documents in hopes of finding evidence buttressing a claim that the government engaged in intentional tactical delay in charging this case.

case, and the still ongoing civil case have generated. That makes no sense.[4] The only information that could conceivably bear on that question would be information that was actually *published*; statements that Motorola made to the media that were not publicly reported could not possibly contribute to anti-Hytera bias among the jury pool. And as to published materials, Motorola, of course, is not obligated to search for publicly available materials to which Hytera has equal access. In this regard, Hytera fails the test of due diligence.

For the foregoing reasons, non-party Motorola Solutions, Inc.'s motion to quash two subpoenas [292] is granted.

Dated: January 2, 2025

John J. Tharp, Jr.
United States District Judge

---

[4] To the extent that Hytera attempts to justify this request on the potential need for a gag order applicable to Motorola, it is putting the cart well ahead of the horse.